IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS PRIETO AGOSTINI ,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL NO. 05-2269 (PG)
Criminal No. 01-057 (PG)

## REPORT AND RECOMMENDATION

## INTRODUCTION

On December 8, 2005, petitioner Carlos Prieto-Agostini filed a motion and affidavit in support of his 28 U.S.C. § 2255 petition seeking to vacate his conviction and sentence after he entered a plea of guilty to Count One of an Indictment. (Docket No. 1).

Count One charged petitioner with willfully, knowingly, intentionally and unlawfully conspiring, confederating and agreeing with others to possess with intent to distribute more than five (5) kilograms of cocaine and in excess of more than one hundred (100) grams of heroin, in violation of Title 21, United States Code, §841(a)(1) and §846.

Petitioner, who entered a guilty plea upon a written plea agreement with the government, now submits in his §2255 petition, that retained counsel was ineffective for indicating he would be sentenced on the basis of five (5) kilograms of drugs charged in the conspiracy and the ten (10) year statutory minimum. Secondly, petitioner claims the sentencing court erred in attributing to him drug amounts not charged in the Indictment.

On January 11, 2006, this petition was referred to this Magistrate Judge for report and recommendation. (Docket No. 2). On March 16, 2006, the government filed its response. (Docket No. 6).

## LEGAL ANALYSIS

### I. Issues Raised on Direct Appeal.

The Court of Appeals[1] previously ruled on petitioner's direct appeal to his conviction that:

> After a thorough review of the record and of the parties' submissions, we affirm. **We cannot find clear error in the court's drug quantity** and role in the offense determinations where appellant's sworn admissions during the change of plea hearing and within the written plea agreement were the basis for those determinations. *See* United States v. Marrero Rivera, 124 F.3d 342, 354 (1st Cir. 1997). In particular, **we note that during the Rule 11 colloquy, appellant affirmed that "the amount of drugs that [he would] be accountable for [would] be twenty-five kilograms of cocaine**. (emphasis supplied)

Petitioner has raised anew the aforementioned claims in his §2255 petition, now attributing to counsel's ineffectiveness the amount of drugs to which he pled guilty and the resulting sentencing calculation.

Issues raised on direct appeal, those already resolved, and even those considered waived, are barred in this post-conviction motion. *See* United States v. Escobar de Jesus, 187 F.3d 148, 159-162 (1st Cir. 1999). In a collateral attack, a defendant may not litigate again issues

---

[1] United States v. Casas, 356 F.3d 104 (1st Cir. 2004).

already raised and rejected on direct appeal nor new issues that could have been, but were not, raised in direct appeal, absent an intervening change in the law. Davis v. United States, 417 U.S. 333, 342 (1974); Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1993).

The averments raised in petitioner's §2255 petition were already amply discussed on direct appeal, as to the amount of drugs considered for sentencing calculations which were based on the written plea agreement and petitioner's sworn admissions before the sentencing court, and they were not objected to at the sentencing hearing. Therefore, the arguments which were raised on direct appeal are foreclosed on collateral review.

**II. Apprendi Violation.**

The government submitted in its response petitioner should have raised on appeal his claim that an Apprendi violation had resulted. Thus, he must now demonstrate cause and prejudice for his failure to submit the issue on his direct appeal. Petitioner is alleging that the failure to raise the issue was caused by his counsel's ineffectiveness and the sentence imposed violated the rationale under Apprendi v. New Jersey, 530 U.S. 466 (2000), since he was sentenced on an amount of drugs not charged in the Indictment.

In the instant case, petitioner's written plea agreement, the transcripts of proceedings, both at the change of plea and at the imposition of sentence, the presentence report, and the statement of facts attached thereto, establish (without any objection thereto) petitioner agreed and stipulated, knowingly and voluntarily, to the amount of drugs for the offense he was pleading. The sentencing court has broad discretion to rely on information that possesses sufficient indicia of reliability to support its probable accuracy. *See* United States v. Green, 426

F.3d 64 (1st Cir. 2005) (in ascertaining drug quantity for sentencing purposes, the district court may make reasoned estimates based upon the available information).

"By its own terms, the holding in Apprendi applies only when the disputed 'fact' enlarges the applicable statutory maximum and the defendant's sentence exceeds the original maximum." United States v. Caba, 241 F.3d 98, 101 (1st Cir.2001). *See* United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001) (holding that even if Apprendi error occurred, defendant who admitted to drug quantity at time of plea suffered no prejudice by omission of specific drug quantity in indictment or by absence of jury determination on that point); *see also* United States v. Riggs, 347 F.3d 17, 20 (1st Cir. 2003).

Accordingly, petitioner cannot benefit now from Apprendi.

**III. Ineffective Assistance of Counsel.**

Petitioner herein also avers he is entitled to post-conviction relief because of ineffective assistance of counsel.

A claim of ineffective assistance of counsel should first address whether petitioner complies with the requisites in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 2068 (1984). The legal standard applicable to the above-captioned petition is pellucidly clear. Petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted. Strickland v. Washington, 466 U.S. at 687. *See also* López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990). Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel,

938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide. *See* Strickland, 466 U.S. at 689. Therefore, as the Supreme Court has noted, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.*

Under Strickland v. Washington, 466 U.S. at 688 counsel's performance is ineffective only if it was objectively unreasonable under prevailing professional norms. In light of the circumstances, petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance and he has failed to do so in this petition by merely claiming counsel was ineffective because he obtained the negotiated plea agreement and a sentence in accordance thereof. Furthermore, when the issues of amount of drugs was taken on appeal, the Court of Appeals for the First Circuit affirmed the conviction and sentence since drug quantity and role in the offense were clearly established by petitioner's own admissions and the record as a whole.

At the time of the change of plea and during the Rule 11 colloquy, the presiding judge addressed petitioner as to having signed the plea agreement, together with his retained attorney (Edgardo L. Rivera-Rivera) and the attorney for the government (Transcript 4-22-2002, p. 7). The Court further indicated, with petitioner's affirmative response, that the amount of drugs he would be accountable for was twenty five (25) kilograms of cocaine which provided for base offense level of Thirty Four (34) under the Sentencing Guidelines (*Id.* p. 8). The sentencing range was from one hundred and fifty one to one hundred and eighty eight (151-188) months and the government agreed for petitioner to be sentenced at the lower end of the Guideline. (*Id.* p. 9). Petitioner was subsequently sentenced to one hundred and fifty one (151) months of

incarceration. At the time of his plea, petitioner informed the Court he was satisfied with the services of his counsel Edgardo Rivera-Rivera. (Transcript 4-22-2002, p. 9).

Petitioner further acknowledged the government's proffer as to evidence available to establish his guilt beyond reasonable doubt had he not pleaded guilty and a trial had been held, including Title III interceptions in more than fifty (50) recorded conversations and the approximate amount of drugs, in his role as supervisor and manager over five (5) or more participants was approximately twenty five (25) kilograms of cocaine. (*Id*. p. 12). Counsel for petitioner indicated he had discussed the entire evidence and discovery had been provided, wherein petitioner had heard all the recordings. (*Id*. p. 13).

At the time of his sentence, petitioner was represented by different counsel, José R. Franco-Rivera, Esq. At the time of sentencing, petitioner did not renounce to the benefits of the plea agreement but submitted through his new counsel some objections to the presentence report. Counsel and petitioner were adamant that objections presented were geared towards the sentencing factors and the presentence report. At no time either counsel or petitioner referred to objections as to the plea agreement or the plea proceedings previously held. Their objections at the sentencing proceedings, which were denied by the Court, related to petitioner's role in the offense and the three point (3) enhancement thereof. The Court denied the objection further considering petitioner was the number one (1) petitioner in the Indictment, was the one who had control, and the evidence in the record established he was a leader. (*Id*. pp. 6-7). However, the presiding judge also indicated to counsel and petitioner he could not go against what they had already stipulated on above issue nor as to the amount of drugs. (*Id*. pp.

8-9, 11). Having their arguments and objections denied by the Court, the sentencing process continued and none of the parties made further objections toward the plea proceedings, the agreement or its voluntariness.

Finally, petitioner has made no claim of legal or factual innocence. The evidence against petitioner, and which he admitted having discussed fully with his counsel, was significant. United States v. Casas, 356 F.3d at 121-126. *See* Plea Agreement, pp. 3-4; Government's Version of the Facts.

In view of the foregoing, there is no evidence that petitioner's counsel was ineffective as claimed by petitioner.

**IV. Evidentiary Hearing.**

Petitioner has not requested an evidentiary hearing. A hearing on petitioner's motion would be required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, 28 U.S.C. §2255.

Succinctly, a petition can be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990) (*quoting* Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989)). *See* United States v. Rodríguez-Rodríguez, 929 F. 2d 747, 749-50 (1st Cir. 1991); United States v. McGill, 11 F.3d 223, 225- 26 (1st Cir. 1993).

As discussed herein above, petitioner has not established merits to his post-conviction motion and is not entitled to an evidentiary hearing.

## CONCLUSION

Petitioner has not been able to establish that, the issues raised in his post-conviction petition, would entitle him to relief. Thus, it is recommended that petitioner's §2255 motion for post-conviction relief be DENIED, without the need of an evidentiary hearing.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

San Juan, Puerto Rico, this 17th day of March of 2006.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE